IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By MGarcia at 8:38 am, Apr 03, 2020

| | |
|---|---|
| JOHNNY ANTWONE COLQUITT, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-87 |
| v. | |
| JAMES DEAL; EDWINA JOHNSON; and TERRY WILSON, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

On February 9, 2018, Plaintiff received a work schedule approved by Defendant Wilson, the medical director at Ware State Prison ("WSP"), assigning him to kitchen detail. Doc. 1 at 5. On separate occasions, Plaintiff told Defendant Johnson, Deputy Warden of Care and Treatment

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

at WSP, and Defendant Deal, Warden of WSP, he could not work because of paralysis on his right side and his need for a cane to walk. Id. Nonetheless, Defendants Johnson and Deal told him he must work. Id. Thereafter, Plaintiff contacted an attorney regarding his disability. Id. The next time he reported to work, Defendant Johnson ordered Plaintiff be taken to segregation because he was "unable to perform kitchen detail." Id. In segregated confinement, Plaintiff slipped and fell while showering in a shower that was not handicapped-accessible. Id. As a result of the fall, Plaintiff "suffered injuries." Id. As relief, Plaintiff requests to be housed in an "accommodated assistance living unit" and $50,000 from each Defendant.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I.   **Claims for Monetary Damages Under § 1983**

Plaintiff's slip-and-fall claim fails to state an actionable claim under § 1983. To state an Eighth Amendment prisoner conditions claim, plaintiff must show: (1) being denied access to a handicapped-accessible shower was "objectively, sufficiently serious" and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish deliberate indifference, plaintiff must show that a defendant had subjective knowledge of a risk of serious harm and disregarded that risk. Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003). Plaintiff has not alleged an objectively serious medical need  See Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (noting "[a] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002). Without more details, the Court will not presume that Plaintiff's slip and fall was so serious as to require medical treatment, nor does Plaintiff allege Defendants withheld medical treatment. In fact, a slip-and-fall is generally not a sufficient injury to state a claim for deliberate indifference under the Eighth Amendment, particularly where no serious or continuing injuries are alleged. See, e.g, Vosburgh v. Humphrey, Case No. 5:12-cv-299, 2014 WL 533493, at *5 (M.D. Ga. Feb.

7, 2014) (finding disabled inmate who fell in shower that did not have handrails failed to state a deliberate indifference claim, as "the risk of slipping and falling in the shower is not a substantial risk of serious harm[]") (internal citation omitted).  Plaintiff has failed to allege sufficient facts to proceed in his deliberate indifference suit beyond frivolity review, and I recommend the Court **DISMISS** Plaintiff's § 1983 claim for monetary damages.

## II.     Americans with Disabilities Act Claims

Title II of the ADA prohibits public entities from discriminating against disabled individuals, including prisoners in state correctional facilities.  See 42 U.S.C § 12132; Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998).  Under Title II of the ADA, a plaintiff must plead and ultimately show three elements:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

Am. Ass'n of People with Disabilities v. Harris, 647 F.3d 1093, 1101 (11th Cir. 2011). Construed liberally, Plaintiff alleges he was denied the benefit of a handicapped-accessible shower, which resulted in him slipping and falling while showering.  Doc. 1 at 5.  Nonetheless, Plaintiff fails to state a claim under Title II of the ADA.  "Only public entities are liable for violations of Title II of the ADA."  Hunt v. Warden, 748 F. App'x 894, 898 (11th Cir. 2018); see 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

4

discrimination by any such entity."). Defendants are not public entities and cannot be held liable under Title II.[2] Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's ADA claims.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]     Moreover, to the extent Plaintiff alleges discrimination in the employment context based on his placement in the kitchen detail, Defendants cannot be sued in their individual capacities for violating Title I of the ADA. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996). In Albra v. Advan, Inc., the Eleventh Circuit Court of Appeals dismissed ADA discrimination claims brought against individual defendants because they "are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA." 490 F.3d 826, 830 (11th Cir. 2007).

5

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court dismiss Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal. If Plaintiff wishes to pursue his ADA claims, he must file suit against a proper defendant.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of April, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA